1  DANIEL G. BOGDEN
2  United States Attorney
3  ELIZABETH O. WHITE
4  Appellate Chief and
5  Assistant United States Attorney
6  100 West Liberty, Suite 600
7  Reno, Nevada
8  775-784-5438
9

10  **UNITED STATES DISTRICT COURT**
11  **DISTRICT OF NEVADA**
12  **-oOo-**
13

14  UNITED STATES OF AMERICA,          )
15                                     )
16      Plaintiff,                     )
17                                     )
18  v.                                 )          2:12-cr-290-GMN-CWH
19                                     )
20  ELVIS MANUEL RUVALCABA,            )
21                                     )
22      Defendant.                     )
23  _____ )
24

25  **JOINT STIPULATION FOR A SENTENCE REDUCTION**
26  **PURSUANT TO 18 U.S.C. § 3582(c)(2)**
27

28      The United States of America, by Assistant United States Attorney

29  Elizabeth O. White, and Defendant Elvis Manuel Ruvalcaba, by Assistant

30  Federal Public Defender Nisha Brooks-Whittington, submit the following

31  Joint Stipulation for Discretionary Relief pursuant to 18 U.S.C.

32  § 3582(c)(2).

1

1    The parties agree and stipulate to the following:

2    **A.    <u>Material Facts in Support of Joint Stipulation</u>**

3    Defendant was previously convicted and sentenced for offenses

4    involving controlled substances.

5    On June 13, 2013, this Court sentenced Defendant to 46 months'

6    imprisonment for possessing with intent to distribute methamphetamine

7    in violation of 21 U.S.C. §§ 841(a)(1), and (b)(1)(B)(viii). CR 53. This Court

8    previously found: (a) that Defendant's total offense level was 23; (2) that

9    Defendant's criminal history category was I; and (c) that the guidelines

10   sentencing range was 46-57 months' imprisonment. This Court imposed a

11   sentence at the low end of the guidelines range.

12   Following imposition of sentence, the U.S. Sentencing Commission

13   promulgated Amendment 782, which took effect on November 1, 2014.

14   Amendment 782 (a) reduces the guidelines offense levels across all drug

15   types; and (b) with certain limitations, applies retroactively to defendants

16   sentenced prior to November 1, 2014.

17   Defendant seeks a discretionary reduction in sentence pursuant to

18   Amendment 782, and in accordance with 18 U.S.C. § 3582(c)(2) which

19   (among other things) provides that, in certain circumstances, a sentencing

1    court "may reduce the term of imprisonment." Pursuant to Amendment

2    788, sentencing reductions under Amendment 782 may not result in a

3    defendant's release from BOP custody prior to November 1, 2015.

4    **B.    Terms of Sentence Reduction Under 18 U.S.C. § 3582(c)(2)**

5           Defendant is eligible for a discretionary reduction to the guideline

6    imprisonment range, and the parties agree that a reduction is appropriate.

7    Pursuant to 18 U.S.C. § 3582(c)(2) and Guidelines Amendment 782: (a)

8    Defendant's revised total offense level is 21; (b) Defendant's criminal

9    history category remains I; and (c) the revised advisory guidelines

10   sentencing range is 37-46 months' imprisonment. Based on the foregoing,

11   the parties jointly recommend that Defendant's sentence be reduced to 37

12   months' imprisonment, a sentence at the low end of the revised guidelines

13   range.[1] The parties understand and stipulate that, if this reduced sentence

14   would result in a release date prior to November 1, 2015, then the

15   defendant will be ordered released on November 1, 2015.

16   **C.    Waivers; Review and Consent of Defendant**

17          Defendant knowingly and voluntarily waives any right to appeal any

18   aspect of the revised sentence, *except that*, if the revised sentence exceeds

---

[1]    This Court previously determined that Defendant is eligible for safety-valve relief from the statutory minimum sentence for the offense.

3

1    the recommended term of 37 months, or November 1, 2015, whichever is

2    later, Defendant may appeal that aspect of the revised sentence. *See*

3    Declaration, attached as Exhibit 1.

4         Defendant (a) waives any right he may have to a hearing on his

5    motion under 18 U.S.C. § 3582(c)(2); (b) waives any right he may have to

6    attend such a hearing; (c) has reviewed this stipulation with defense

7    counsel; and (d) agrees with and consents to this stipulation. *See*

8    Declaration, attached as Exhibit 1.

9    **D.    Addendum to PSR**

10        The parties jointly request, for purposes of this Court's adjudication

11   of Defendant's pending motion under 18 U.S.C. § 3582(c)(2), that this

12   Court direct the United States Probation Office to submit an addendum to

13   the Presentence Investigation Report (PSR), confirming Defendant's

14   revised guidelines imprisonment range and describing any public safety

15   factors (including Defendant's institutional history) relevant to this Joint

16   Stipulation and discretionary relief under 18 U.S.C. § 3582(c)(2).

17   **E.    Acknowledgment of Reserved Rights**

18        Notwithstanding this Joint Stipulation, the United States expressly

19   preserves and does not waive its contentions that a defendant seeking

4

1   relief under 18 U.S.C. § 3582(c)(2) has no constitutional or statutory right

2   to counsel, to a hearing on the motion, or to be present at any hearing on

3   the motion.

4   **F.**   <u>**Conclusion**</u>

5          Based on the above, the parties respectfully request that the Court

6   enter an order granting Defendant a sentence reduction pursuant to 18

7   U.S.C. § 3582(c)(2), and reducing his concurrent sentences to 37 months'

8   imprisonment; with all other provisions of the judgment dated June 19,

9   2013, to remain in effect; and with an "effective date" of November 1, 2015.

10          Respectfully submitted this 17th date of February, 2015.

11
12   RENE L. VALLADARES                    DANIEL G. BOGDEN
13   Federal Public Defender               United States Attorney
14
15
16   By:  <u>*s/ Nisha Brooks-Whittington*</u>    By: <u>*s/ Elizabeth O. White*</u>
17        Nisha Brooks-Whittington              Elizabeth O. White
18        Asst. Federal Public Defender         Appellate Chief and
19        *Counsel for Defendant*                Assistant United States Attorney
20        *Elvis Manuel Ruvalcaba*

**IT IS SO ORDERED.**

_____
Gloria M. Navarro, Chief Judge
United States District Court

5          **DATED:  06/09/2015**

Exhibit 1

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
### -oOo-

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-cr-290-GMN-CWH |
| | ) | |
| ELVIS MANUEL RUVALCABA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DECLARATION IN SUPPORT OF
## JOINT STIPULATION UNDER 18 U.S.C. § 3582(c)(2)

1.     I, Elvis Manuel Ruvalcalba, am the Defendant in the above-captioned case and the movant seeking relief in a pending motion under 18 U.S.C. § 3582(c)(2).

2.     I have read and discussed with my attorney, Nisha Brooks-Whittington, the "Joint Stipulation for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)" (the "Joint Stipulation") to be filed in this case.

3.     I agree with and consent to the Joint Stipulation.

4.     My attorney has explained my appellate rights to me. I hereby knowingly and voluntarily waive the right to appeal any aspect of the revised sentence imposed by the Court under the terms of the Joint Stipulation, *except that*, if the revised sentence exceeds the recommended term of 37 months' imprisonment, or November 1, 2015, whichever is later, I may appeal that aspect of the revised sentence.

5.     I hereby waive any right I may have to a hearing on my pending motion for discretionary relief under 18 U.S.C. § 3582(c)(2), or to attend such a hearing.

DATED this 8 day of FEBRUARY , 2015.

ELVIS M. RUVALCABA
Elvis Manuel Ruvalcalba